People v. Mallory.

---

PEOPLE v. MALLORY, appellant.

*Nuisance—not justified by toleration of similar nuisances.*

In an action to restrain defendant from unlawfully maintaining a shed upon a public pier, *held*, that the fact that others had been permitted to maintain like structures on other piers was of no importance. The existence of a nuisance cannot be justified nor its continuance demanded by establishing that similar nuisances have been permitted.

APPEAL from a judgment rendered at special term restraining the defendants from maintaining a shed on pier No. 20, East river, and from interfering with the free use of said pier by the public, as the same was used before said shed was placed thereon. Also from an order denying a motion made by the defendants, that this cause be referred back to the judge who tried the same, with direc-

tions to make a specific finding "that numerous steam transportation lines, running vessels between New York and other ports, both domestic and foreign, have for many years maintained upon piers occupied by them, some upon the East river and others on the North river, similar sheds without disturbance from the public authorities."

The action was brought by The People of the State of New York against Charles H. Mallory and others. The material facts in the case appear in a report of the same upon an appeal from an order dissolving an injunction therein in 2 N. Y. Sup. at page 76.

*S. P. Nash*, for appellants. The shed was not a nuisance unless maintained illegally. *Van Slyke* v. *Hyatt*, 46 N. Y. 260; *Quincy* v. *Young*, 53 id. 504; *Van Olinda* v. *Lathrop*, 21 Pick. 292; *Underwood* v. *Carney*, 1 Cush. 285; 2 Dillon on Mun. Corp., §§ 581, 585. Also cited *Commissioners of Pilots* v. *Clark*, 33 N. Y. 251; *Gilman* v. *Philadelphia*, 3 Wall. 713, 729; *Benson* v. *Mayor of N. Y.*, 10 Barb. 223; *Commissioners of Pilots* v. *Erie Railway Co.*, 5 Robt. 366; *Roosevelt* v. *Godard*, 52 Barb. 533; *Allen* v. *Liverpool*, L. R., 9 Q. B. 180; *Matter of Dugro*, 50 N. Y. 513.

*Daniel Pratt* and *Wm. Allen Butler*, for respondents.

LAWRENCE, J. The evidence, at the trial, in my opinion disclosed no facts which should lead us to a different conclusion from that which was reached by the general term of this court when this case was before it on the appeal from the order made at special term for an injunction *pendente lite*. Fully concurring in the views then expressed in the opinion of the court delivered by Mr. Justice BRADY, we see no reason for doubting that the judgment at the special term was correct and should be affirmed. *People* v. *Mallory*, 2 N. Y. Sup. 76. Nor was there any error in the decision of the motion to send the case back to the learned justice who tried the cause, for a specific finding as requested by the defendants' counsel. The fact that similar sheds have been erected upon the piers mentioned in the request, without disturbance from the public authorities, is immaterial. The question in this case is, whether the shed erected by the defendants was constructed under lawful authority, or whether it was a nuisance. The fact that other parties had erected sheds upon other piers had, and could have, no bearing on

this question. The rights of the defendants were to be determined by the facts showing the authority under which this particular structure was erected, not by the acts or by the authority or license given to others.

Even if the public authorities have allowed illegal structures to be placed upon other piers, evidence tending to show that fact would not control this case or assist in its proper adjudication. The existence of a nuisance cannot be justified, nor its continuance demanded, by establishing that similar nuisances have been permitted.

It seems, therefore, conclusively to follow that the order appealed from, as well as the judgment in this case, should be affirmed, with costs.

*Order and judgment affirmed.*